# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ALVIN LAVON MOORE, )<br>  )<br>   Plaintiff,   )<br>  )<br> v.   )<br>  )<br> UNITED STATES,   )<br>  )<br>   Defendant.   ) | Case No.  CV411-313 |

## ORDER

Proceeding *pro se*, Alvin Lavon Moore has filed a blizzard of papers in an attempt to sue *perhaps* the United States, doc. 1 at 1, if not several others, *id.* at 11 (a second complaint, further down his stack, naming the United States plus government officials), over his unhappiness with the EEOC.[1] He moves for leave to file his case in forma pauperis (IFP).

---

1   In an attached EEOC letter, an EEOC official communicates this to him:

> This letter responds to the administrative claims that you filed against the United States Equal Employment Opportunity Commission (EEOC) under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 2671 et seq. (1982) (hereinafter FTCA). You contend that the EEOC is liable for negligence in handling an investigation into a potential breach of a settlement agreement and for alleged improper processing of a Freedom of Information Act request. In accordance with my responsibility to make determinations on FICA claims under § 2672 of the FTCA, I hereby inform you that I am denying your claim.

Doc. 2.

Moore is a repeat customer in this Court. *Moore v. United States*, CV407-023 doc. 3 (Order denying IFP due to affidavit inconsistencies, directing clarification); doc. 6 (case dismissed for failure to comply) (S.D. Ga. May 22, 2008); *Moore v. State of Georgia*, CV407-130, doc. 3, *reported at* 2007 WL 2986401 (S.D. Ga. Sep. 21, 2007) (advising dismissal as meritless), *adopted*, doc. 13 (S.D. Ga. Oct. 7, 2007); *Moore v. James*, 2006 WL 3196552 at * 1 (S.D. Ga. Nov. 1, 2006) (denying habeas relief). A convicted criminal now out of prison, *United States v. Thomas*, doc. 68 (S.D. Ga. Dec. 22, 1993), Moore declares under penalty of perjury that he is utterly penniless. Doc. 2 at 1-3.

That of course leads to the obvious question: How does he live? Subject to the laws of perjury,[2] Moore shall have 14 days within which to

---

Doc. 1 at 6.

2   Whether in a witness chair before this Court or while crafting court filings in a prison cell, no one (especially a convicted criminal) is permitted to lie to or otherwise knowingly mislead this Court. All litigants must swear to any facts advanced in quest of judicial relief, and thus be subject to criminal prosecution if they commit perjury, or submit a false declaration in violation of 18 U.S.C. § 1623(a).  *See, e.g., United States v. Dickerson*, CR608–36, doc. 47 (S.D. Ga. Dec. 11, 2008) (convicted of violating 18 U.S.C. § 1623(a) while seeking 28 U.S.C. § 2255 relief); *aff'd*, 2010 WL 4409382 (11th Cir. Nov.8, 2010); *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009); *Hayes v. United States*, 2011 WL 3468799 at * 5 (S.D. Ga. Aug. 9, 2011).

file a new IFP affidavit answering that question. He shall detail whether he lives in a house, apartment, or some other abode, state whether he pays a mortgage or rent, and describe where he obtains money for food and other basic necessities. His failure to comply shall subject him to dismissal, once again.

      This 20th day of December, 2011.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA