# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ALVIN LAVON MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV411-313 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Alvin Lavon Moore has filed a blizzard of papers in an attempt to sue the United States. Doc. 1 at 1 (caption). A second complaint, contained within his initial 281-page filing but which the Clerk separated out as a separate pleading, names the United States Equal Employment Opportunity Commission (EEOC) plus over 40 private individuals and governmental/corporate entities. Doc. 1-1. Given the overlap, the Court will construe both as one attempted complaint.

Doing so, however, is problematic to say the least. At most Moore's complaint presents a copious splatter of disconnected thoughts, documents, and run-on sentences. He evidently is unhappy with the EEOC over its handling of a Title VII-based "settlement" with an entity

called "Premier Warehousing Services" (PWS).[1] Doc. 1 at 6; *see also* doc. 1-2 at 2-3 (March 19, 2009, discrimination-based "Mediation Settlement Agreement" between Moore and PWS).

Before delving deeper, the Court must first address Moore's filing fee. His earlier motion for leave to file his case *in forma pauperis* (IFP) was deficient, doc. 2, so the Court directed him to supply additional information. Doc. 3. Moore has renewed his IFP motion, attesting that he is jobless, has no assets, lives with his grandmother, and receives $200 food stamps plus "$10 to $20 monthly from [his] grandmother," who lives on social security. Doc. 4 at 1-2. He also moves the Court: to vacate the Court's last Order, doc. 6; to appoint counsel to represent him, doc. 10; and to issue a summons and order service, doc. 11. Plus he moves for

---

[1] In an attached EEOC letter, an EEOC official communicates this to him:

> This letter responds to the administrative claims that you filed against the United States Equal Employment Opportunity Commission (EEOC) under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 2671 et seq. (1982) (hereinafter FTCA). You contend that the EEOC is liable for negligence in handling an investigation into a potential breach of a settlement agreement and for alleged improper processing of a Freedom of Information Act request. In accordance with my responsibility to make determinations on FICA claims under § 2672 of the FTCA, I hereby inform you that I am denying your claim.

Doc. 1 at 6.

summary judgment, doc. 13; to disqualify the undersigned, doc. 15; for a hearing, doc. 16; again for summary judgment, doc. 17; for discovery, doc. 19; to "term second complaint as civil action," doc. 20; to amend his complaints, doc. 22; to seal the record, doc. 23; for findings, doc. 24; and "for status." Doc. 25.

The Court **GRANTS** his IFP motion (doc. 2, *as amended*, doc. 4) but **DENIES** his "counsel" motion[2] (doc. 10) and, in screening his case under 28 U.S.C. § 1915(e)(2)(B),[3] concludes that it motions must be dismissed. Moore[4] has simply failed to come anywhere close to stating a claim.

---

[2] Appointing counsel here means pressuring a lawyer to work for free. *See Williams v. Grant*, 639 F. Supp. 2d 1377, 1381 (S.D. Ga. 2009) (noting the "professional compulsion" lurking behind a judge's 28 U.S.C. § 1915(e)(1) request). The Court will not exert such pressure in this (as explained below) dead-on-arrival case.

3 If a plaintiff proceeds "*in forma pauperis*, a district court is required to *sua sponte* determine whether the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Alba v. Montford*, 517 F.3d 1249, 1251-52, n. 3 (11th Cir.), *cert. denied*, 129 S. Ct. 632 (2008)." *Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. 2010).

4 A convicted criminal now out of prison, *United States v. Thomas*, doc. 68 (S.D. Ga. Dec. 22, 1993), Moore is no stranger to this Court. *Moore v. United States*, CV407-023, doc. 3 (Order denying IFP due to affidavit inconsistencies, directing clarification); doc. 6 (case dismissed for failure to comply) (S.D. Ga. May 22, 2008); *Moore v. State of Georgia*, CV407-130, doc. 3, *reported at* 2007 WL 2986401 (S.D. Ga. Sep. 21, 2007) (advising dismissal as meritless), *adopted*, doc. 13 (S.D. Ga. Oct. 7, 2007); *Moore v. James*, 2006 WL 3196552 at * 1 (S.D. Ga. Nov. 1, 2006) (denying habeas relief).

Worse, he evidently believes that *quantity* can somehow compensate for legal frivolity, which of course is not true -- 100 x 0 is *still* 0.[5] Boiled down, Moore in some way had some sort of relationship with PWS that, in his opinion, supported a Title VII-based discrimination claim. Doc. 1 at 6. Then there was some sort of settlement, doc. 1-2 at 2-3, but he accuses PWS of breaching it. And the EEOC, he insists, was "negligent in its

---

[5] In that regard, the Court pauses to note the special pleading standards applicable here. Complaints by *pro se* plaintiffs are read more liberally than those drafted by attorneys. But a *pro se* litigant is not relieved of his obligation to allege sufficient facts to support a cognizable legal claim, and the court may not "serve as de facto counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (cites omitted), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

Furthermore, Moore must plead more than threadbare recitals, legal conclusions and the mere possibility of misconduct. *Bacon v. Georgia Ports Auth.*, 2010 WL 5538515 * 1 (S.D.Ga. Dec.17, 2010) (applying *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), to dismiss a case at the pleadings stage, concluding that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, then the complaint has alleged -- but not shown -- that the pleader is entitled to relief"); *Sablan v. A.B. Won Pat Int'l Airport Auth.*, 2010 WL 5148202 at * 3-4 (D. Guam Dec. 9, 2010).

Moore thus must allege sufficient facts that, if accepted as true, state a claim to relief that is plausible on its *face*. He therefore must plead enough to allow this Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 129 S. Ct. at 1949, which here means violating some right that supports federal court jurisdiction. Determining whether his complaint is "facially plausible" is "a context-specific task that requires this Court to draw on its judicial experience and common sense. *Id.* at 1950. So where the well-pleaded facts do not permit the court to infer more than the *mere possibility* of misconduct, then the complaint has alleged -- but not shown -- that the pleader is entitled to relief. *Id.*

investigation into [his] claim of breach of the settlement agreement [that he] entered into with [PWS] and in its determination on [Moore's] request for information under the Freedom of Information Act (FOIA)...." Doc. 1 at 6. This, in turn, led Moore to file a Federal Tort Claims Act (FTCA) (28 U.S.C. § 2671, *et seq.*) administrative claim against the EEOC, *id.*, which rejected it because, it explained, "the FTCA only provides a remedy for negligence by a federal employee if the same actions by a private person would constitute negligence." *Id.*

But "a private person," the EEOC also explained, "has no legal duty to process or investigate another's claim of breach of a settlement agreement on a charge of discrimination filed with [the] EEOC." *Id.* Too, "under 28 U.S.C. § 2680(a) the United States is immune for any claim based on "'the exercise or performance or the failure to perform a discretionary function or duty ... whether or not the discretion involved be abused.'" *Id.* (quoting § 2680(a)). At most the EEOC engaged in a discretionary function. *Id.*

Ignoring all this, Moore has simply sued the "United States"[6] and

---

6   Under the doctrine of sovereign immunity, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be

5

lobbed the above-mentioned paper blizzard at this Court. *See* doc. 1 (281-page initial filing, including two different complaints blatantly violating Fed. R. Civ. P. 8 & 10)). Here is a sample (from his first complaint's "Statement of Claim"):

> The United States' officials, employees, and agents employed in the EEOC Offices of Savannah, Ga ... have confessedly committed personal injury and property damages against the plaintiff in the combined amount of $4,902,000, by virtue of negligence in the federal operation of a Mediation program designed to conciliate Title VII inter alia, charges against [PWS] and Georgia Pacific....

Doc. 1 at 3-4.

At best he complains about the EEOC's mishandling of a Title VII claim of his.[7] But

---

sued in any court define that court's jurisdiction to entertain the suit." *Hercules Inc. v. United States*, 516 U.S. 417, 422 (1996) (quotes and cite omitted). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (cites omitted). Finally, "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.*; *see also Burch v. Sec'y of Health and Human Serv.*, 2010 WL 1676767 at * 4-5 (Fed. Cl. 2010) (collecting cases showing some fluctuation in the waiver doctrine. "The [FTCA] abrogates the United States' sovereign immunity and allows the federal government to be held liable to the same extent as a private individual for certain torts committed by federal employees acting within the scope of their employment." *Martin v. United States*, 439 F. App'x 843, 843 (11th Cir. 2011).

[7] There are other passages in his filings -- ramblings, frankly -- that faintly suggest the existence of some sort of claim, but they are so incoherent that only a tea-leaf-reading psychic *might* be able to grasp them. This passage from his

"sub-complaint," doc. 1-1, as buried within his initial stack of papers filed with the Clerk, is illustrative:

> Plaintiff Alvin Lavon Moore is an underfunded and discharged private employee of Premier and GP; and is a public employee pursuant to his service to the United States endeavors to eliminate discrimination or reshape the unworkable social order pursuant to Standard Form ("SF")-305 jointly signed by him, the United States and Premier. See Exhibit A. But that political privilege, however, has apparently now became to him the source of personal peril and has left him in destitute conditions and has had and continues to have an injurious effect upon his ability to make trade, commerce and contract. And respectfully shows notwithstanding of the illegal land grab of 66 acres by Jim Crow proponents in 1959, namely Waldo Floyd, see Exhibit B, and aided by federal activity in using parts of the land purportedly to run public utilities all through it without just compensation and by other federal inaction of the United States Office of the Attorney General to unlawfully withhold enforcement of the federal Interstate Commerce laws (that were "constructively" suspended since the Civil Rights Cases of 1883), of which the so-called Jim Crow laws conflicted with, so as to be complicit in that "property taking" from Plaintiff Moore's grandfather, Elwood Moore, Sr, see id, that as a disastrous consequence, land owner Elwood Moore was illegally forced to leave his heirs, assigns and other representatives or his Estate underfunded and dysfunctional as a family unit, below par with similarly situated white family unit e.g., Waldo Floyd's, for which he had apparently labored so hard to prevent, see Exhibit C, that the conditions or the settlement terms culminating into the one-time payment of $6,000.56 to him bestowed and provided by Defendants EEOC, Premier and GP, respectively, in order to induce his consent to forbear a "broadly" based anti-discrimination lawsuit against Defendants Premier and GP, the which the EEOC Mediation Service, Inc. and its employees or officials personally transferred to him from within its Savannah, Georgia facility of Chatham County, in the State of Georgia of the United States, despite that its Defendant facilitators or operators did not apprise him or unlawfully did
>
> misrepresented the essential investigative facts to him. . . .

Doc. 1-1 at 7-9 (footnote omitted).

Whatever all that means, Moore evidently has chosen to try and sue all who in some direct or indirect way have come in contact with him or the events he relates. But it is his burden to plead, in "a short and plain statement," Rule 8(a), a legal claim against each named defendant. He has not. In fact, he has pumped out a seemingly endless

7

> [t]he EEOC, an agency of the federal government, cannot be sued absent a waiver of sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L.Ed.2d 308 (1994). Plaintiff has failed to identify any such waiver that would permit him to bring suit against the EEOC for wrongly dismissing his complaint without a hearing. Courts have repeatedly held that the United States has not waived sovereign immunity for suits against the EEOC based on the EEOC's handling of an employment discrimination charge. *See, e.g., Baba v. Japan Travel Bureau Int'l*, 111 F.3d 2, 6 (2d Cir. 1997) (per curiam) ("Title VII provides no express or implied cause of action against the EEOC for claims that the EEOC failed properly to investigate or process an employment discrimination charge."); *Clissuras v. EEOC.*, 89 Civ. 5869 (LLS), 1990 WL 96754, at *4 (S.D.N.Y. July 5, 1990) (plaintiff's *Bivens* "claims for money damages against the EEOC are barred by sovereign immunity"); *Ward v. EEOC*, 719 F.2d 311, 313-14 (9th Cir. 1983) (holding that "Congress did not expressly create a cause of action against the EEOC by employees of third parties," that no such cause of action would be implied, and that no review of the EEOC's actions was available under the Administrative Procedure Act); *D'Alessandro v. EEOC*, 215 F. Supp. 2d 419, 421-22 (D. Del. 2002) (holding that plaintiffs claim against the EEOC for negligence in its investigation of plaintiff's complaint against her employer was barred by sovereign immunity); *Uberoi v. EEOC*, 180 F. Supp. 2d 42, 46 (D.D.C. 2001) ("Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge."). Thus, plaintiff's claims against the EEOC must be dismissed for lack of subject matter jurisdiction.

*McKoy v. Potter*, 2009 WL 1110692 at * 5 (S.D.N.Y. Apr. 21, 2009).

---

stream of words which at best constitute the mental maunderings of someone armed with idle time and an active keyboard. Nor can the Court advocate for him. *See supra* n. 5.

Moore's complaint (doc. 1) and "sub-complaint" (doc. 1-1) are facially frivolous, and his non-IFP motions are **DENIED** as also frivolous. Docs. 6, 10, 11, 13, 15, 16, 17, 19, 20, 22, 23, 24 & 25.  His case should therefore be **DISMISSED**.

**SO REPORTED AND RECOMMMENDED**, this 28th day of March, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**